E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JOSEPH DE LEON (Cal. Bar No. 313471)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7280
     Facsimile: (213) 894-0141
     Email:    Joseph.De.Leon@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:23-cr-00126-FLA-1 |
|---|---|
| Plaintiff, | |
| v. | GOVERNMENT'S OPPOSITION TO DEFENDANT MARC JESUS LOPEZ'S MOTION FOR SEVERANCE |
| MARC JESUS LOPEZ, et al., | |
| Defendants. | Hearing Date: October 20, 2023<br>Hearing Time: 10:30 a.m. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Joseph De Leon, hereby files its Opposition to defendant Marc Jesus Lopez's Motion to Sever or to Exclude Mr. Benitez's Statements.  (Dkt. 81)

//

//

//

1

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 29, 2023          Respectfully submitted,

                                          E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


                       /s/ Joseph De Leon
JOSEPH DE LEON
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Marc Jesus Lopez ("defendant") and co-defendant Juan Nicholas Benitez ("Benitez") are charged with possessing 61 rounds of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 922(g)(9), respectively.  Defendant now moves to sever his trial from that of Benitez, arguing that it would be "unreasonably prejudicial" for the "two defendants" to be "tried together."  (Dkt. 81 at 3.) Specifically, defendant argues that if the government is allowed to admit Benitez's statement that "the two firearms . . . found in the vehicle belonged to Mr. Lopez," such admission would violate Bruton v. United States, 391 U.S. 123 (1968).  (Id. at 2-3.)  Lopez goes on to acknowledge, however, that if the government does not intend to introduce Benitez's statement, "then a severance would not be necessary."  (Id. at 3.)

The government ***does not*** intend to admit the above-described statement of Benitez during its case-in-chief.  Accordingly, defendant's motion is moot and a severance should not be granted.

1